UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR OROZCO,<br><br>                    Petitioner,<br><br>     v.<br><br>PAMELA BONDI et al.,<br><br>                    Respondents. | CASE NO. 2:25-cv-02753<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

On December 31, 2025, Petitioner Edgar Orozco filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (Dkt. Nos. 1, 2.) Both documents were served on Respondents. (Dkt. No. 1-5 at 2.) Petitioner seeks to restrain Respondents from removing him from Washington or from the United States without notice to and approval by the Court and further requests an order to show cause why his petition should not be granted within three days. (Dkt. No. 2 at 2.) Petitioner alleges he has been in ICE detention since December 8, 2025. (Dkt. No. 1 at 11.) Among other things, Petitioner asserts he has been seized in violation

ORDER DENYING TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 1

of the Fourth Amendment and is detained in violation of the Due Process Clause of the Fifth Amendment.  (*Id.* at 12-14.)

Also on December 31, 2025, the Court issued its standard scheduling order.  (Dkt. No. 3.)  The scheduling order requires Respondents to file their return by January 14, 2026, and Petitioner to file his traverse no later than January 20, 2026.  (*Id.* at 2.)  The scheduling order further orders Respondents to provide Petitioner anywhere from 48 to 72 hours' notice prior to any action to move or transfer him from the district or remove him from the United States.  (*Id.*)  This scheduling order was entered pursuant to General Order 10-25 found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.  General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

The scheduling order already requires notice be provided before any transfer or removal attempt, and provides Petitioner sufficient opportunity to file for TRO in the event Respondents give notice of said transfer or removal.  Therefore, Petitioner's motion for TRO is DENIED AS MOOT to the extent it requests that notice be given prior to any transfer or removal from the District.  To the extent Petitioner asks for a different briefing schedule, the motion for TRO is DENIED because the Court finds no basis to require a different return and traverse schedule than that already identified in the scheduling order.

Dated this 31st day of December, 2025.

David G. Estudillo
United States District Judge